IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSE LUIS MENDEZ                                                      PLAINTIFF

V.                                    CASE NO. 5:19-CV-05127

JOSEPH THOMAS, Translator;
DETECTIVE JARED PENA, Fayetteville
Police Department; JOHN THREET,
Prosecuting Attorney; and HERBERT
CHARLES SOUTHERN, Attorney                                            DEFENDANTS

## OPINION AND ORDER

Jose Luis Mendez, currently an inmate of the Delta Regional Unit of the Arkansas

Department of Correction ("ADC"), has filed a civil rights action under 42 U.S.C. § 1983.

He proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of the

Prison Litigation Reform Act ("PLRA").   Pursuant to 28 U.S.C. § 1915A, the Court has

the obligation to screen any complaint in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity.   28 U.S.C.

§ 1915(e)(2).

## I.    BACKGROUND

According to the allegations of the Complaint, on May 13, 2009, Mendez was

convicted in the Washington County Circuit Court of rape, attempted murder, aggravated

residential burglary, and aggravated assault.   He was sentenced to a sixty-year (720

month) term of imprisonment.

Mendez at the time spoke no English.   His first language is Spanish.   A translator

1

who was employed by the prosecutor's office, Joseph Thomas, but who was not certified and had failed when he took the certification examination, was used to translate an interrogation of Mendez by Detective Pena. Thomas' translation indicated that Mendez had admitted his guilt. John Threet represented the prosecutor's office. Herbert Charles Southern represented Mendez.

Mendez offered in evidence a competing translation of the interrogation by a certified interpreter/qualified translator named Nicholas Durand. When Mendez was asked during the interrogation if he tried to kill the victim, he responded by asking why he would try to kill her, and Pena then suggested, "Grabbing her by the neck?" In response to Pena's question, Mendez either said, "I did that"—which is the response that appears in Thomas's translation—or "I did not do that—which is the response that appears in Durand's translation. Obviously, the two translations of Mendez's statement of guilt were diametrically opposed.

Mendez appealed his conviction to the Arkansas Supreme Court, and the Court found that Thomas was not a qualified translator and that his translation should not have been admitted into evidence. *See Exhibit B; Mendez v. State of Arkansas*, CR10-1241, 2011 WL 6275689 (Ark. Dec. 15, 2011) (appeal from Washington County Circuit Court No. CR2009-792-1). As the translation contained an admission of guilt, the Court found any error in the translation was not harmless error. *Id.* The conviction was reversed and remanded to the Washington County Circuit Court. *Id.* Mendez now alleges in the instant lawsuit that the Washington County Circuit Court did not act on the reverse-and-remand order.

2

As relief, Mendez wants this Court to enter an order compelling the Washington County Circuit Clerk to follow the mandate of the Arkansas Supreme Court. Mendez also asks for compensatory and punitive damages.

## II.   LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III.   DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

First, the Court notes that the docket sheet in *State v. Mendez*, No. CR2009-792-1,[1] indicates that the Washington County Circuit Court did act on the mandate of the Arkansas Supreme Court. On May 10, 2012, Mendez entered a negotiated plea of guilty and was sentenced to a term of imprisonment on each count with each sentence to run concurrently. He was sentenced to a total of 480 months with no credit for time served.

Second, to the extent Mendez is seeking to "appeal" the judgment of the Washington County Circuit Court, this Court lacks jurisdiction to review that decision. "[T]he *Rooker-Feldman* doctrine holds that 'federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature.'" *Ace Const. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000), *cert. denied*, 531 U.S. 1183 (2001)). "If the federal court can only provide relief by determining that the state court was wrong, it is, in effect, an appeal of the state court judgment which is prohibited." *Ace Const.*, 263 F.3d at 833 (citations omitted). In this case, "the requested federal relief would void the state court's judgment or amount to basically a reversal of the state court's holding." *Ace Const.*, 263 F.3d at 833. The *Rooker-Feldman* doctrine precludes the Court from taking this action.

---

[1] The Court may take judicial notice of publicly available records. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (8th Cir. 2011).

Third, § 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973) (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

Fourth, Threet, the prosecuting attorney, is immune from suit. The United States Supreme Court in *Imbler v. Pachtman,* 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). In this case, all actions taken by Threet were in connection with his duties as prosecuting attorney in a pending criminal case. Threet is entitled to absolute immunity. *See also Brodnicki v. City of Omaha,* 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

Fifth, Southern represented Mendez in his state criminal case. As such, Southern did not act under color of law for purposes of § 1983. *Polk Cnty. v. Dodson,* 454 U.S. 312, 324 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Dunn v. Hackworth,* 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

## IV. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are against a defendant immune from suit. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is directed to enter a § 1915(g) strike flag on this case.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this 13th day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE